[No. 3701.]

EAGAN v. MAHONEY ET ALS.

1. CORPORATION—*Contract Ultra Vires.*  A corporation organized for the sole purpose of dealing in lands, landed securities, negotiable paper and the like has no power to become surety upon an appeal bond.

2. APPEAL—*Bond—Additional Bond Required.*  Appellant required to execute a new bond in lieu of one by corporation surety having no power to become surety.

*Appeal from Denver District Court.*  HON. GREELEY W. WHITFORD, Judge.

Messrs. SCHUYLER & SCHUYLER, Mr. HENRY TROWBRIDGE, for appellant.

Mr. JOHN H. REDDIN, Mr. J. R. ALLPHIN, for appellees.

On motion to require appellant to file a new appeal bond.

*Per Curiam.*—In this case motion is made by appellees to require appellant to file a new appeal bond, or in default thereof, that the cause be dismissed.  An appeal bond in the sum of five hundred

dollars was approved and filed by the clerk of the district court on the 29th day of June, 1910, the only surety being The Denver and Colorado Investment Company, a corporation. The motion is based upon the objection that the surety has no power or authority under its articles of incorporation to execute such bond, as surety, and that its act in such respect is *ultra vires;* and in support of said motion is submitted a certified copy of the articles of incorporation of said company, from which it appears that the company was incorporated for the purpose of buying lands at tax sale, to buy and sell real estate, borrow and loan money on mortgages, trust deeds and other securities, and to purchase notes, bonds, bills and other choses in action, but nowhere does it appear that it intended or was authorized to execute surety bonds. Its execution of said bond is *ultra vires.*

The appellant will be required to give a new appeal bond conditioned according to law, in the sum of five hundred dollars, with surety or sureties to be approved by the clerk of this court, within thirty days from this date. In default of compliance with this order the appeal herein will. stand dismissed.